# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

**TOREE SIMS,**

        **Petitioner,**

v.                                         **CRIMINAL CASE NO. 3:05-CR-121-CRS**
                                              **CIVIL CASE NO. 3:14-CV-316-CRS**

**UNITED STATES OF AMERICA,**

        **Defendant.**

## MEMORANDUM OPINION AND ORDER

On May 6, 2014, Senior District Court Judge Charles R. Simpson referred this matter to Magistrate Judge James D. Moyer for "rulings on all non-dispositive motions . . . and for findings of fact and recommendations on any dispositive matter." (DN 433.) On December 31, 2014, this matter was reassigned from Magistrate Judge Moyer to the undersigned Magistrate Judge. (DN 461.) On February 5, 2015, petitioner Toree Sims filed what is termed a "Motion to Alter and/or Amend Judgment" ("Motion to Amend") (DN 464). Although termed as a motion to alter or amend judgment, the content actually reveals that he is seeking permission to amend his petition filed pursuant to 28 U.S.C. § 2255 ("2255 Petition"). On February 23, 2015, the United States of America ("USA") filed a response to the Motion to Amend. (DN 468.) On March 16, 2015, Sims filed a reply. (DN 469.) Thus, the Motion to Amend (DN 464) is ripe for review.[1]

---

[1] "The Sixth Circuit has not addressed whether a motion to amend is a dispositive or nondispositive motion." *Tyree v. U.S. Bank, NA*, 2015 WL 73656, at *1 (W.D. Tenn. Jan. 6, 2015). Most of the district courts in the Sixth Circuit appear to consider an order on a motion to amend as non-dispositive. *See, e.g.*, *Young v. Jackson*, 2014 WL

1

**I.     BACKGROUND**

On July 21, 2011, Sims was found guilty of conspiracy to possess with intent to distribute and distribution of cocaine. (DN 384.) Sims was sentenced to 360 months[2] in prison and ten years of supervised release. (*Id*. at 3-4.) On April 14, 2014, Sims filed his 2255 Petition, claiming his original conviction should be vacated or set aside due to ineffective assistance of counsel, among other things. (DN 428, pp. 1-12.) On June 5, 2014, the USA filed a response to the 2255 Petition. (DN 446.) On August 22, 2014, Sims filed what is effectively a reply to the USA's response to his 2255 Petition. (DN 453.) On September 15, 2014, Sims filed a letter asking the Court to disregard his reply. (DN 454.) On October 31, 2014, Sims filed another reply to the USA's response to his 2255 Petition. (DN 455.) At that point, Sims's 2255 Petition became ripe for review.

Although Sims's 2255 Petition has been ripe for review for over three months, on February 5, 2015, he filed the Motion to Amend (DN 464), seeking leave to amend his 2255 Petition. This is not the first time Sims has asked for and received permission to amend his 2255 Petition. On July 28, 2014, Sims filed a motion requesting an extension of time to file his reply to the USA's response to his 2255 Petition. (DN 447.) On August 1, 2014, the Court granted

---

4272768, at *1 (E.D. Mich. Aug. 29, 2014) ("A denial of a motion to amend is a non-dispositive order."); *United States v. Hunter*, 2013 WL 5820251, at *1 (S.D. Ohio Oct. 29, 2013) (stating that a magistrate judge's orders denying petitioner's motions to amend a petition pursuant to 28 U.S.C. § 2255 were non-dispositive); *United States v. Lewis*, 2012 WL 604296, at *1 (S.D. Ohio Feb. 24, 2012) ("The Magistrate Judge's decision denying Lewis's Motion To Amend his § 2255 Petition is a non-dispositive order."); *see also Pagano v. Frank*, 983 F.2d 343, 346 (1st Cir. 1993) ("Under ordinary circumstances a motion to amend a complaint is 'a pretrial matter not dispositive of a claim or defense of a party' within the purview of Fed. R. Civ. P. 72(a)."). Based on the foregoing and because the Court ultimately concludes that the Motion to Amend at issue should be granted in part and denied in part as moot, it will treat the Motion to Amend as non-dispositive. More specifically, as will be explained in more detail below, because the Court is not disallowing any claim to move forward, it believes this order fits squarely in the non-dispositive category.

[2] Sims's sentence was later reduced to a term of 292 months. (DN 466.)

Sims's motion, giving him until August 27, 2014 to file his reply. (DN 449.) On August 7, 2014, Sims filed another motion requesting yet another extension of time to file his reply and to also amend his 2255 Petition. (DN 450.) The USA objected to Sims's motion to the extent it sought additional time to supplement his 2255 Petition. (DN 451.) On August 18, 2014, the Court granted Sims's motion, permitting him to file a reply or supplement his 2255 Petition by November 3, 2014. (DN 452 ["The petitioner shall file a reply or supplement no later than November 3, 2014."]) On August 22, 2014, Sims filed what is effectively a reply to the USA's response to his 2255 Petition. (DN 453.) On September 15, 2014, Sims sent a letter to the Court, asking it to disregard his filed reply. (DN 454.) On October 31, 2014, Sims filed another reply to his 2255 Petition. (DN 455.) It was in this reply (DN 455) that Sims was given the opportunity to amend his 2255 Petition. (*See* DN 452.)

In the Motion to Amend, Sims seeks to add two new claims for ineffective assistance of counsel to his 2255 Petition. Specifically, Sims takes issue with his trial attorney's failure to (1) investigate why Special Agent Scott Wenther stated that the ten kilograms seized from Charles Parson was headed to Atlanta, Georgia instead of Louisville, Kentucky; and (2) move the District Court "to suppress all reference to Sims being a member of the notorious street-gang known as the 'Black Mafia Family' ('BMF')." (DN 464, pp. 2-5.) The USA argues that Sims has not provided a legal basis for the Court to allow him to supplement his 2255 Petition a second time. The USA further argues that the Motion to Amend raises no new issues.

II.  ANALYSIS

Rule 15 of the Federal Rules of Civil Procedure governs a motion for leave to amend a petition for writ of habeas corpus under 28 U.S.C. § 2255. 28 U.S.C. § 2242 (stating that an

application for a writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions"); *Hodges v. Rose*, 570 F.2d 643, 649 (6th Cir. 1978) ("Amendment of a petition for habeas corpus is governed by 'the rules of procedure applicable to civil actions.'") (quoting 28 U.S.C. § 2242). Rule 15(a)(1) permits a party to amend its pleading once as a matter of course within "(A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15 (a)(1)(A)-(B). In all other cases, "a party may amend its pleading only with the opposing party's consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15(a)(1) does not apply in this case as more than twenty-one days have passed since the service of the USA's response to the 2255 Petition. Thus, Rule 15(a)(2) governs the amendment of Sims's 2255 Petition.

The USA does not consent to Sims amending his 2255 Petition. Therefore, Sims may only amend his 2255 Petition with the Court's permission. The language of Rule 15(a)(2) commands the Court to freely grant permission to amend when justice requires. *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010); *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995). Additionally, the Sixth Circuit has stated that Rule 15(a)(2) sets forth a "liberal policy of permitting amendments to insure the determination of claims on their merits." *Marks v. Shell Oil Co.*, 830 F.2d 68, 69 (6th Cir. 1987). The Court's denial of a motion for leave to amend is reviewed for abuse of discretion. *Coe v. Bell*, 161 F.3d 320, 341 (6th Cir. 1998).

In evaluating the interests of justice, the Court should consider several factors, including "[u]ndue delay in filing, lack of notice to the opposing party, bad faith by the moving party,

4

repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Coe*, 161 F.3d at 341 (quoting *Brooks v. Celeste*, 39 F.3d 125, 130 (6th Cir. 1994)) (internal quotation marks omitted).

With respect to undue delay, the Court finds that Sims has delayed filing his Motion to Amend. Sims filed the present Motion to Amend on February 5, 2015, almost ten months after his 2255 Petition was filed, and about three months after the 2255 Petition became ripe for review. Nonetheless, the Sixth Circuit has found that undue delay alone is not sufficient to deny a motion to amend. *Id*. at 341-42. Furthermore, there is no evidence of bad faith on Sims's part. Nor does it appear there is a lack of notice to the USA. Sims asserts that he sent two letters to the USA, seeking its consent to the amendment of his 2255 Petition. (DN 464, p. 1.) Between the two letters – and the similarity of the issues raised in the Motion to Amend and the underlying 2255 Petition and accompanying briefs – the Court finds that the USA had reasonable notice of the issues raised in the Motion to Amend. Finally, the USA would likely not be *unduly* prejudiced by permitting Sims to amend his 2255 Petition. While the USA has an interest in seeing the matter resolved efficiently, unlike Sims, it is obviously not subject to incarceration.

That being said, Sims has already received one opportunity to amend his 2255 Petition. (*See* DN 452 [order permitting Sims to supplement his 2255 petition via a reply]; DN 455 [Sims's reply/supplement to the 2255 Petition].) Sims has not justified the delay in seeking permission to once again amend his 2255 Petition other than to state, "It should be readily understandable why a pro-se petitioner who has absolutely no understanding in matters related to procedural law should file a petition that needs to be amended." (DN 464, p. 2.) Nor has Sims

5

stated why he could not have included any necessary amendments in his reply (DN 455) filed on October 31, 2014.

Furthermore, the USA argues that Sims has not actually raised any new claims in his Motion to Amend. The Court agrees in part. First, Sims argues in the Motion to Amend that his counsel was ineffective because he failed to investigate why Special Agent Wenther's affidavit stated that the ten kilograms seized was headed to Atlanta and not Louisville. (DN 464, pp. 2-4.) Sims has already addressed this issue in the 2255 Petition and supporting briefs. Specifically, in the memorandum supporting his 2255 Petition, Sims claimed that the affidavit of Special Agent Wenther contradicted the testimony of other agents and trial witnesses. (DN 431, pp. 27-32.) Therefore, Sims argued that counsel should have "investigated where the affidavits came from, or who testified to the affidavits." (*Id*. at 28.) Additionally, Sims argued that, had counsel properly investigated, he would have had to subpoena Special Agent Wenther as to where Parson was going with the ten kilograms of cocaine. (*Id*. at 29.) Finally, Sims argued that, had counsel investigated properly, he could have been able to impeach three key government witnesses. (*Id*. at 30.) In the reply in support of his 2255 Petition, Sims also argued that his counsel failed to "investigate the DEA agents whose affidavits stated that the government witness was headed to Atlanta with 10 kilograms when he was stopped by police." (DN 455, p. 15.) The USA addressed this argument in its response to the 2255 Petition. (*See, e.g*., DN 446, pp. 8-9 ["Sims's second allegation is that Judah failed to investigate affidavits from Special Agents Scott Wenther and Brian Bester."]) While Sims's arguments in the 2255 Petition and supporting briefs are disjointed, his point is clear – he is claiming his trial attorney should have investigated the facts set forth in Special Agent Wenther's affidavit. Consequently, the Court agrees that Sims has

6

already asserted an ineffective assistance of counsel claim on this basis in his 2255 Petition and supporting briefs. Therefore, the Motion to Amend should be denied as moot to the extent it seeks to add an ineffective assistance of counsel claim based on this theory.

Second, Sims argues in his Motion to Amend that his counsel was ineffective for "failing to move the Court, prior to trial, to suppress all reference" to Sims's membership in the Black Mafia Family. (DN 464, p. 5.) Sims notes that, although this issue standing alone was not raised in the 2255 Petition, the facts supporting it were raised in relation to the prosecutorial misconduct allegations. (*Id*. at 4.) The Court agrees.

In the memorandum in support of his 2255 Petition, Sims argues that the mention of the Black Mafia Family by the prosecutor tainted his trial and that "counsel lay idly by without a single objection." (DN 431, pp. 20-25.) In the reply in support of his 2255 Petition, Sims again points out his counsel allegedly failed to object to the prosecutor's statements and witness testimony regarding his membership in the Black Mafia Family. (DN 455, p. 19.) The USA addressed this argument in its response, noting that "Sims claims that the United States engaged in prosecutorial misconduct when it referred to his membership in the Black Mafia Family without evidence of that membership." (DN 446, pp. 7.) The USA further argued that Sims's ineffective assistance of counsel claim, which was based on this allegation, failed. The USA reasoned, "[S]ince there was no prosecutorial misconduct, Judah[, his trial attorney], had no basis for such an objection." (*Id*. at 7-8.)

Based on the foregoing, it appears that Sims intended his ineffective assistance of counsel claim in his 2255 Petition to be premised on his trial attorney's failure to object to the alleged prosecutorial misconduct at trial. The USA ascertained Sims's intention and squarely addressed

7

his arguments. In the Motion to Amend, however, Sims appears to be proposing a second and new ground for an ineffective assistance of counsel claim – his trial attorney's failure to move to "suppress" reference to his membership in the Black Mafia Family *before* trial. (*See* DN 464, pp. 4-5.) More specifically, it seems that Sims is alleging that his trial attorney should have filed a motion *in limine* to exclude mention of his alleged membership in the Black Mafia Family at trial. (*See id*. at pp. 4-7 ["Counsel owed a duty to Sims to have any mention of the BMF stricken from the record because its evidentiary-value was far out-weighed by its prejudicial value."].) Thus, the Court disagrees with the USA that this particular ground for an ineffective assistance of counsel claim has already been addressed by the 2255 Petition and supporting briefs. Therefore, the Court must next determine whether Sims's ineffective assistance of counsel claim on this ground is time barred. *See United States v. Smith*, 2005 WL 2491550, at *2 (W.D. Tenn. Oct. 6, 2005) ("To the extent that a motion to amend seeks to raise entirely new claims for relief, it is subject to the one-year limitation for filing a motion attacking the sentence.") (citing *Oleson v. U.S.,* 27 Fed. App'x 566, 570-71 (6th Cir.2001)).

28 U.S.C. § 2255(f) creates a one-year limitations period for habeas petitions filed by persons in custody pursuant to a federal court judgment. The one-year statute of limitations period begins, with exceptions not applicable here, on the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1). Here, Sims's conviction became final when the United States Supreme Court denied his petition for writ of certiorari on April 15, 2013. (DN 427.) Sims timely filed his 2255 Petition on April 14, 2014, just one day shy of the one-year time limitation. Thus, the statute of limitations period for Sims to assert this additional claim for ineffective assistance of counsel has clearly run. As such, any proposed amendment will be

8

denied as time barred unless it "relates back" pursuant to Rule 15(c) of the Federal Rules of Civil Procedure.

Rule 15(c) states, in relevant part: "[a]n amendment to a pleading relates back to the date of the original pleading when . . . (B) the amendment asserts a claim or defense that arose out of the conduct, transaction or occurrence set out – or attempted to be set out – in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). *Mayle v. Felix*, 545 U.S. 644 (2005), is instructive on the application of Rule 15(c) in the habeas context.

In *Mayle*, Felix filed a habeas petition on the basis that his Sixth Amendment rights were violated due to the videotaped testimony of a witness for the prosecution being admitted into evidence at trial. *Id*. at 651. Felix sought to add an additional claim to his petition after the one-year time limitation had passed. Specifically, Felix wanted to add a claim on the basis that the police used coercive tactics to obtain pretrial statements that were later used at trial in violation of the Fifth Amendment. *Id*. at 651-52. Felix argued that the Sixth Amendment and Fifth Amendment claims challenged the constitutionality of his conviction and thus arose out of the same conduct, transaction, or occurrence under Rule 15(c); therefore, the Fifth Amendment claim related back. *Id*. at 652. The USA objected to the addition of the Fifth Amendment claim on the ground that it was time-barred because it was a new claim raised outside of the one-year limitation period. *Id*. The Ninth Circuit found that the relevant "transaction" for purposes of Rule 15(c) was Felix's trial and conviction in state court. The Supreme Court granted certiorari to resolve a conflict among the Courts of Appeals on the relation back of habeas petitions. In doing so, the Supreme Court rejected the contention that same "conduct, transaction, or occurrence" should be construed to mean the same "trial, conviction, or sentence" in a habeas

9

context. *Id.* at 664. Instead, the Supreme Court concluded that "[s]o long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order." *Id.*

Here, the Court finds that Sims's ineffective assistance of counsel claim appears to be based on his trial counsel's failure to move *in limine* to exclude mention of his alleged membership in the Black Mafia Family at trial. The basis for this claim is tied to the same common core of operative facts that support his claim for ineffective assistance of counsel for failure to object to the alleged prosecutorial misconduct – that is, the introduction of evidence in the form of testimony with respect to Sims's alleged membership in the Black Mafia Family and argument based on same. Consequently, the Court finds that Sims's ineffective assistance of counsel claim, which is based on his trial counsel's failure to file a motion *in limine* to exclude mention of his alleged membership in the Black Mafia Family, relates back to the common core of operative facts supporting his 2255 Petition. *See, e.g.*, *United States v. Thornton*, 2012 WL 910146, at *2 (S.D. Ohio Mar. 14, 2012) ("The Court finds that the first proposed new claim meets the *Mayle v. Felix* standard. Both claims are about trial counsel ineffectiveness. While the theory of the two claims is different, the time when trial counsel should have acted (if he should have acted at all) is the same for both claims."). Therefore, the Court will allow Sims's ineffective assistance of counsel claim to move forward on this basis.

### III. CONCLUSION

Based on the foregoing, the Motion to Amend (DN 464) is **DENIED IN PART** and **GRANTED IN PART**. To the extent Sims seeks to permission to add an ineffective assistance of counsel claim on the basis his trial attorney failed to investigate the facts set forth in Special

Agent Wenther's affidavit, the Motion to Amend (DN 464) is **DENIED**.  To the extent Sims seeks permission to add an ineffective assistance of counsel claim based on his trial attorney's failure to file a motion *in limine* to preclude mention of Sims's alleged membership in the Black Mafia Family at trial, the Motion to Amend (DN 464) is **GRANTED**.

It is **FURTHER ORDERED**:

The Motion to Amend (DN 464) shall be considered an amendment to the 2255 Petition (DN 428) to the extent it adds a claim for ineffective assistance of counsel based on Sims's trial attorney's failure to file a motion *in limine* to preclude mention of Sims's alleged membership in the Black Mafia Family at trial.

The USA may file a response only with respect to this additional ineffective assistance of counsel claim by **June 19, 2015**.

Appeal of this Order is subject to the terms and time limitations of Fed. R. Civ. P. 72(a) and L.R. 72.2.


cc: Counsel of record
    *Pro se plaintiff*